NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHAN FERNANDO GUERRA-MOSQUERA; KELLY MARITZA PARRA-CORTES; L.S.O.P.; M.A.O.P.; M.G.P.; M.G.P., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1652 <br><br> Agency Nos. <br> A240-053-806 <br> A220-487-036 <br> A220-487-037 <br> A220-487-038 <br> A220-487-039 <br> A220-487-040 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Johan Fernando Guerra-Mosquera ("Guerra-Mosquera"), Kelly Maritza

Parra-Cortes ("Parra-Cortes"), and their four minor children, L.S.O.P., M.A.O.P.,

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel previously granted the government's unopposed motion to submit this case without oral argument. Dkt. Nos. 26, 29.

M.G.P., and M.G.P. (collectively "Petitioners"), natives and citizens of Colombia, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.* (cleaned up). "Due process challenges to immigration proceedings are reviewed *de novo.*" *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

1. Eligibility for asylum requires a showing of a "well-founded fear of future persecution," *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (cleaned up), while eligibility for withholding of removal requires a showing of a

---

[1] Petitioners do not contest the denial of CAT relief, so we need not address that claim.

clear probability of future persecution, *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Petitioners argue that they suffered past persecution in Colombia and therefore have met their burdens. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (noting that past persecution creates a "rebuttable presumption" of future persecution).

An applicant alleging past persecution has the burden of establishing that the persecution was committed by the government, or by forces that the government was "unable or unwilling to control." *Baghdasaryan*, 592 F.3d at 1023 (asylum); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding). The record shows that the police actively investigated the shooting and supports the IJ's finding that Petitioners did not provide sufficiently specific information to facilitate an investigation into the threatening phone calls. Based upon the police reports, the country reports, and the testimony in the record, substantial evidence supports the agency's finding that Petitioners failed to demonstrate that the Colombian government was unwilling or unable to control the perpetrators of the harms against Petitioners. *See*, *e.g.*, *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013) (explaining that the failure to apprehend unidentified suspects does not establish police are unable or unwilling to control persecutors).

2. Petitioners' claim that the IJ engaged in "impermissible bias and speculation" was not raised before the BIA. Because the government has properly

raised the exhaustion requirement, we deny the petition as to the unexhausted bias claim. *See*, *e.g.*, *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that exhaustion is a non-jurisdictional claim-processing rule, but a court must enforce it if properly raised); *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001) (holding that claims of IJ bias must be raised before the BIA).[2]

3. Finally, we reject Petitioners' argument that the BIA denied them due process because its opinion "analyzed only one issue in the case: the judge's ruling that the petitioners had not demonstrated that the civil authorities in Colombia would be unable or unwilling to protect them." The BIA's determination regarding Petitioners' failure to establish past persecution was dispositive of Petitioners' claims for relief. *See Baghdasaryan*, 592 F.3d at 1023; *Reyes-Reyes*, 384 F.3d at 788. The BIA was not required to "make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (explaining the agency "does not have to write an exegesis on every contention" (cleaned up)).

**PETITION DENIED**.

---

[2] Petitioners' claim that they are entitled to humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii) was also not raised before the BIA. We therefore deny that portion of the petition for review as unexhausted. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).